No. 12-15782
Consolidated with Nos. 12-15740, 12-1575, 12-15816

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NAOTAKA KITAGAWA, JR., *et al.*,

Plaintiffs-Appellees,

vs.

MARIE GRYPHON,

Objector-Appellant.

On Appeal From the United States District Court
for the Northern District of California
Case No. 5:09-cv-1911-JW

# MOTION TO DISMISS APPEAL

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
AARON M. OLSEN (259923)
625 Broadway, suite 906
Telephone: (619) 342-8000
Facsimile: (619) 324-7878)

MEHRI & SKALET, PLLC
STEVEN A. SKALET
CRAIG L. BRISKIN
1250 Connecticut Ave. NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Attorneys for Plaintiff-Appellant

# TABLE OF CONTENTS

I. BACKGROUND ..... 1

A. Settlement, Preliminary Approval, & Motion for Attorneys' Fees ..... 3

B. Gryphon Objection ..... 5

C. Final Approval ..... 7

II. GRYPHON DOES NOT HAVE STANDING ..... 9

III. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Cases**

*City of Los Angeles v. County of Kern*, 581 F.3d 841 (9th Cir. 2009)......................................10

*Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006)........................................13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) ...............9

*Glasser v. Volkwagen of Am., Inc.*, 645 F.3d 1084 (9th Cir. 2011)................................9, 10, 11

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ......................8, 11, 12

*In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277 (3d Cir. 2005)...................................................................................................8

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29 (9th Cir. 1994)......10, 11

*Knisley v. Network Assocs., Inc.*, 312 F.3d 1123 (9th Cir. 2002) .........................................9, 10

*Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142 (9th Cir. 2000) ..................................10

*Powers v. Eichen*, 229 F.3d 1249 (9th Cir. 2000)........................................................................9

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646 (7th Cir. 2006).........................9

Appellee-Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, Jessie Reisman, Tracey Hackwith and Michael Martin (collectively "Plaintiffs"), on behalf of a certified settlement class, respectfully move to dismiss Appellant-Objector Marie Gryphon's appeal because she lacks Article III standing to object to the settlement or the district court's award of attorney fees and because she not only fails to allege she was aggrieved by the settlement, she *expressly disclaims* that she is entitled to anything more than the settlement provides her. Ms. Gryphon fails to claim any injury that the Court could redress, and for this reason, the Court does not have jurisdiction to consider her appeal.

If this motion is granted, it will dispose of Gryphon's appeal in its entirety, and will expedite the distribution of settlement proceeds to the Class. Moreover, this is a purely legal, jurisdictional argument, which only requires this Court to consider whether Ms. Gryphon has alleged redressable injury, and requires no substantive review of the settlement itself. This Court can and should resolve this matter now, which would obviate the need for the parties to brief, and for the Court to consider, the arguments Ms. Gryphon intends to raise in her appeal.

## BACKGROUND

On or about May 1, 2009, Plaintiffs Kitigawa, Broad, and Reisman filed a nationwide class action on behalf of themselves and over 9.6 million similarly situated consumers who purchased Apple MacBook and MacBook Pro computers

that shipped with the alleged defective MPM-1 Magsafe adapter ("Adapter") and/or purchased a standalone Adapter. The case is titled *Kitigawa, et al. v. Apple, Inc.*, No. 5:09-CV-01911-JW (the "*Kitigawa* Action") (Dkt. No. 1). On or about May 15, 2009, Plaintiffs Hackwith and Martin filed a similar complaint in the United States District Court for the Central District of California, titled *Hackwith, et al. v. Apple, Inc.*, No. 5:09-CV-034862-JW (the "*Hackwith* Action"). The *Hackwith* Action was transferred to this Court and was consolidated with the *Kitagawa* Action on November 16, 2009 (collectively "the Actions") (Dkt. No. 43). Plaintiffs filed a consolidated complaint on December 4, 2009 ("Complaint") (Dkt. No. 44) (Ex. 1).

Plaintiffs alleged that the Adapters spark, fray, overheat, catch on fire or otherwise prematurely fail. Complaint ¶ 3. Plaintiffs further alleged that Apple is, and was, aware of this Defect, but failed to disclose it or warn Plaintiffs and the class of the Defect. The complaint sought damages, restitution, disgorgement and declaratory and injunctive relief as well as attorneys' fees, costs, and expenses. From the outset, Apple denied liability and disputed Plaintiffs' legal arguments and factual and expert allegations. Apple hired a well-respected international law firm, Morrison & Foerster LLP, to represent it in this lawsuit. Apple answered the complaint on February 5, 2010, largely denying Plaintiffs' allegations and contesting their legal claims (Dkt. No. 51) (Ex. 2).

Plaintiffs served Apple with document requests, interrogatories, requests for admission, and deposition notices in November 2008. Briskin Decl. in Support of Final Approval of Settlement ¶ 9 (Dkt. No. 89) (Ex. 5). Apple served discovery responses (and supplemental responses) in February and March 2010, and produced over 80,000 pages of information about, among other things, the design of the Adapter, its testing, sales data, failures rates, and consumer complaints – all of which Plaintiffs' counsel thoroughly reviewed. *Id.* Plaintiffs retained two independent engineering experts, who inspected the Adapters and provided their opinions on the design of the Adapters. *Id.* Both experts independently developed similar theories regarding the failings of "strain relief" of the Adapters. *Id.*

**A. Settlement, Preliminary Approval, & Motion for Attorneys' Fees**

After the exchange of extensive discovery, expert reports, and many meet-and-confers about discovery and experts, the parties agreed to attempt to settle this matter through mediation. The parties first met on August 31, 2010 with the Honorable Fern Smith, a retired judge of the Northern District of California. Plaintiffs and Defendant both submitted substantial briefing summarizing their arguments, as well as the opinions of their experts. Ex. 5 ¶ 18.

After finalizing the main points of the Settlement Agreement, the parties turned to the issue of fees and costs. The second mediation session also continued for a full day, with the parties reaching an impasse on fees at the end of the day.

*Id.* ¶ 21. Judge Smith assisted the parties in bridging the gap by making a mediator's proposal regarding the reimbursement of Plaintiffs' fees and expenses, which the parties ultimately adopted. *Id.* ¶ 22.

The parties finalized the settlement agreement details, and submitted a motion for preliminary approval, which the District Court heard on September 12, 2011. It issued an order granting preliminary approval of the class settlement on September 27, 2011 (Dkt. No. 82) (Ex. 3). Direct notice was provided to approximately 7,441,930 settlement class members. Carameros Decl. ¶ 10-13.[1] Summary notice was also published in the November 14, 2011 edition of *USA Today*, in the December 2011 issue of *Macworld*, and the December 2011 issue of *Wired* magazine. *See* Twiggs Decl. ¶¶ 2-4.[2] In addition, the claims administrator established a website (www.adaptersettlement.com) where the class notice and the claims package were posted. Carameros Decl. ¶ 8. The class notice and claims package were mailed at Apple's expense to any settlement class member who called a toll-free telephone number that was established at Apple's expense. *Id.* ¶ 7.

---

[1] "Carameros Decl." refers to the Declaration of Jonathon D. Carameros regarding Notice Procedures (Dkt. No. 96).

[2] "Twiggs Decl." refers to the Declaration of Sissie Twigs in Support of Final Settlement Approval (Dkt. No. 94).

On December 19, 2011, Plaintiffs filed a motion for attorneys' fees, reimbursement of expenses and incentive awards. (Dkt. No. 83.) Out of a class of 9.6 million, 11 objectors filed objections to the proposed settlement and/or Plaintiffs' request for attorneys' fees on or before the deadline of January 6, 2012. (Dkt. No. 132-2 ¶ 16.) On February 24, 2012, the parties caused supplemental notice to be sent to 230,298 settlement class members who purchased a subject Adapter in 2010 informing them that the end date of the extended warranty program has been extended to July 31, 2013. *See* Carameros Decl. II, ¶¶ 3-4.[3] The purpose of extending the warranty program to July 31, 2013 (versus the previous end date of December 31, 2012) was to ensure that all class members, including those who purchased subject Adapters in 2010, received a minimum of three years in which to replace their Adapter if it were to fray or fail to work. (Dkt. No. 132-2 ¶ 18.)

**B. Gryphon Objection**

Ms. Gryphon filed her objection to the Settlement on January 5, 2012 (Ex. 4). The following is the entirety of the information about Ms. Gryphon and her qualifying purchase:

> Objector Marie Gryphon purchased a Macbook subject computer in August of 2006; its serial number is

[3] "Carameros Decl. II" refers to the Declaration of Jonathan D. Carameros Re: Notice Procedures. (Dkt. No. 102).

> 4H6301YGWBV. In August of 2010, she purchased a replacement adapter. Gryphon is a member of the settlement class; she therefore has standing to object to the settlement.

*Id.* at 1.

Gryphon stated that "minor amendments" to the settlement would solve the problems she identified, mostly based on her being unaware that Apple had stopped selling the subject Adapter and that all class members were receiving at least three years of relief, far more than the warranty provided.[4] Gryphon admitted that the settlement was "potentially fair, as long as the class attorneys are compensated on the basis of the benefits they bring to the class." Ex. 4 at 1. Gryphon's main argument is that, regardless of lodestar, "Under no circumstances should the fee be more than 25% of what the class receives in cash benefits," *id.* at 1, disregarding that the settlement provided a substantial warranty extension and free, redesigned replacement products. Gryphon also argued that the claims process was unduly burdensome, including the fact that there was no provision for online claims submission, *id.* at 6-7, and that the claims deadline should not be set after the final approval hearing, *id.* at 9.

---

[4] But these modifications were based on Gryphon's miscomprehension of the settlement and time during which the subject product was sold. *See* Pl. Response to Objectors (Dkt. No. 97) (Ex. 6) at 7 ("[Frank] fails to comprehend that Apple stopped selling the Adapter, and the class members he is concerned about do not exist.").

Plaintiffs filed their response to Gryphon and the other objectors on January 27, 2012 (Dkt No. 97) (Ex. 6). Among other things, Plaintiffs argued that Gryphon did not have Article III standing to object to a fee award that was negotiated separately and independent of the class recovery. *Id.* at 11-13. Plaintiffs pointed out that Gryphon "does not even claim that she suffered any injury." *Id.* at 6.

**C. Final Approval**

On February 27, 2012, the Court held a hearing to consider Plaintiffs' motion for final approval of the class settlement and Plaintiffs' motion for attorneys' fees, reimbursement of expenses, and incentive awards (Dkt. No. 104). Gryphon, through her counsel Daniel Greenberg, was the only objector to appear at the final approval hearing. While Gryphon raised some arguments as to the fairness of the settlement, counsel only argued regarding the award of attorneys' fees at the hearing. (Dkt. No. 132-2 ¶ 17.) The District Court considered Gryphon's arguments, including the statement of her counsel at the final approval hearing, and summarily overruled her objections. *See* Final Order ¶ 7.

On March 8, 2012, the District Court issued a Final Order approving the class settlement and awarding Plaintiffs attorneys' fees, reimbursement of expenses, and incentive awards (Dkt. No. 107) (Ex. 8). On April 2, 2012, the District Court entered a separate Judgment pursuant to Federal Rule of Civil Procedure 58 ("Judgment") (Dkt. No. 110) (Ex. (9). On April 6, 2012, Ms.

Gryphon filed a notice of appeal from the Court's Final Order (Dkt. No. 119) (Ex. 10).

On April 12, 2012, Gryphon filed a Notice pursuant to Circuit Rule 10-3.1(a) (Appeal Dkt. No. 5), in which she identified three issues that she intends to present on appeal:

> 1. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) holds that a settlement may be impermissibly self-serving under Rule 23 if the attorneys receive a disproportionate share of the proceeds, there is a clear-sailing agreement, and a "kicker" that any reversion of the fee request goes to the defendant. Did the district court err as a matter of law approving a settlement where the class will receive about $0.6 million, the attorneys received $3.1 million (over 1.5 times their lodestar), the settlement had a clear-sailing agreement and "kicker," the settlement artificially restricted the ability of class members to make claims, and the district court's opinion failed to address the *Bluetooth* standard or any of the *Bluetooth* factors?
>
> 2. The Third and Seventh Circuits hold that a district court approval of a class action settlement that fails to provide reasoning for its decision or "evidence in the record demonstrating that the district court exercised 'independent judgment' in adopting a party's proposed findings" is a reversible abuse of discretion; the Ninth Circuit has held the same in the context of a decision on attorneys' fees. *In re Community Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 300 (3d Cir. 2005); *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006); *Powers v. Eichen*, 229 F.3d 1249, 1256-58 (9th Cir. 2000). Was it an abuse of discretion for the district court to approve a settlement that provided $600,000 to the class and $3.1 million to the class attorneys by simply

> signing a proposed order verbatim, without making any specific findings of fact, citing any precedent, or addressing any of the objections made to the settlement?
>
> 3. Does Fed. R. Civ. Proc. 23(h) and the Class Action Fairness Act permit a court to award more in fees and expenses to class attorneys than the value of what the class actually received in settlement?

## II. GRYPHON DOES NOT HAVE STANDING

Gryphon does not have Article III standing because she does not argue or establish that the settlement failed to provide her relief to which she is fairly entitled, or that if she prevailed, she would benefit in any way.[5] Indeed, Gryphon has expressly disclaimed that she is entitled to more than the settlement provides.

This case is on all fours with *Glasser v. Volkswagen of America, Inc.*, 645 F.3d 1084 (9th Cir. 2011), in which this Court granted a motion to dismiss an objector's appeal because the objector did not have Article III standing. In that case, the Court of Appeals noted that the objector "expressly disavows any financial interest in the fee the defendant was ordered to pay to Plaintiff's counsel." *Id.* at 1086. It further stated, "Notably, [the objector] did not claim in

---

[5] *See Knisley v. Network Assocs.*, 312 F.3d 1123, 1127 (9th Cir. 2002) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)) ("[A] plaintiff must demonstrate standing separately for each form of relief sought." . . . [An objector] must show that his injuries will be redressed by a successful appeal, and not merely by some hypothetical civil suit.").

his objection to the fee application that any reduction in fees could or should benefit the class in any way." *Id.* at 1088.

This Court began its analysis by noting, "[Article III] limits are jurisdictional: they cannot be waived by any party, and there is no question that a court can, and indeed must, resolve any doubts about this constitutional issue."[6] It further noted that standing requires (1) an injury, (2) caused by the appellee, (3) that is redressable.[7] "In the class action context, simply being a member of the class does not automatically confer standing to challenge a fee award to class counsel—the objecting class member must be 'aggrieved' by the fee award."[8] "If modifying the fee award would not 'actually benefit the objecting class member,' the class member lacks standing because his or her challenge to the fee award cannot result in redressing any injury."[9]

Gryphon may argue that this Court might confer standing on an objector who claims that counsel accepted a reduced recovery in order to obtain a greater fee, pursuant to its opinion in *Jones v. GN Netcom, Inc. (In re Bluetooth Headset*

---

[6] *Id.* (quoting *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009)).
[7] *Id.* (citing *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1146 (9th Cir. 2000)).
[8] *Id.* (quoting *In re First Capital Holdings Corp. Financial Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994)).
[9] *Id.* (quoting *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002)).

*Products Liability Litigation)*, 654 F.3d 935 (9th Cir. 2011). But *Glasser* makes clear that even in the situation where the fee award could (at least in theory) negatively affect the class recovery, that "does not change the underlying Article III requirement that a class member must be 'aggrieved' by the fee award to have standing to challenge it."[10] "Whether a fee award is independent of the settlement agreement is an issue distinct from whether an objecting class member was injured by the fee award." *Id*. The *Bluetooth* court did not rule to the contrary. *See* 654 F.3d at 949 n.9 (citing *Glasser*) ("[W]e need not address whether Objectors would have independent standing to challenge the Fee Order alone were the Approval Order to remain intact.").

Here, Gryphon *expressly disclaims* that a reduction in the fee award, or additional review of the settlement, would benefit her in any way. She does not maintain any challenge to the relief Plaintiffs have obtained for the Class. To the contrary, she makes clear that she is *not* arguing that the size of the settlement is insufficient, that she is insufficiently compensated, or that a reduction in the fee award would increase the relief she would receive. Ex. 4 at 15.

Gryphon did note that class members whose adapter frayed after more than 3 years of use will not receive compensation for their replacement adapter purchase.

---

[10] *Id.* at 1088 (quoting *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d at 30 n.1).

*Id.* at 14. But she raised that point only to illustrate that the Class was not receiving 100 percent compensation, such that additional relief was warranted.[11] Gryphon made clear that she was not, in fact, aggrieved:

> To clarify, this is not meant to suggest that the size of the settlement is insufficient; nor is it a claim that the settlement was required to fully compensate class members no matter how long they have owned their adapter; rather, it underscores that removing the "kicker" would not create a windfall for class members.

Ex. 4 at 15. Thus, Gryphon explicitly concedes that she is not injured in any way. This is insufficient for Article III purposes.

In addition to failing to allege injury, Gryphon fails to establish two of the other required elements of Article III standing: causation and redressability. She cannot establish causation because there was no injury to cause, and she cannot establish redressability because there is no injury to redress. If the Court rules in

[11] This argument proceeds from a unsupportable misreading of *Bluetooth*, which has no application to this case. This "kicker" situation arose in situations where plaintiffs were claiming fees as a percentage of a common fund, the rest of which would be allocated to the class. Here, funds are to be paid directly by Defendant to class members based on their filing of a claim; there is no common fund. *Bluetooth* does not stand for the proposition that where a settlement does not feature a common fund or a *cy pres* award, Plaintiffs are obligated to create one, solely for the purpose of avoiding this "indicum of collusion." And in this case, the argument is academic, because the "kicker" is ***zero***: the Court awarded the full amount of fees, which was the same amount that Judge Smith proposed, and reflects only a modest enhancement of counsel's lodestar.

her favor, she freely admits that it will not benefit her in any way. That reflects the fact that the Center for Class Action Fairness is driving this appeal, not its client.

Ms. Gryphon claims she purchased an Apple computer in August 2006, and a replacement adapter four years later, in August 2010. She does not claim that she should be reimbursed for her adapter purchase in whole or in part, or that there is any form of relief that she wants but is not afforded under the settlement. Her argument is precisely the opposite, that the settlement is *not* "required to fully compensate class members no matter how long they have owned their adapter[.]" Ex. 4 at 15.[12]

## III. CONCLUSION

This Court does not have jurisdiction under Article III to consider Gryphon's appeal. For this reason, it should dismiss her appeal in its entirety.

Respectfully submitted,

---

[12] Even if Gryphon had made this argument, Apple has pointed out that even if Plaintiffs had prevailed *at trial*, they could not have obtained relief for purchasers like Gryphon, whose product appears to have stopped functioning *several years after her warranty expired*. *See* Def. Obj. Resp. Mem. (Dkt. No. 98) (Ex. 7) at 1 (citing *Daugherty v. Am. Honda Motor Co*., 144 Cal. App. 4th 824, 838 (2006)).

DATED: June 15, 2012

MEHRI & SKALET, PLLC
STEVEN A. SKALET
CRAIG L. BRISKIN

s/Craig L. Briskin
CRAIG L. BRISKIN

1250 Connecticut Ave. NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
AARON M. OLSEN (259923)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
helenz@zhlaw.com
aarono@zhlaw.com

Attorneys for Plaintiff-Appellant

**DECLARATION OF CRAIG L. BRISKIN**

I, Craig L. Briskin, declare as follows:

1. I am a partner with the firm of Mehri & Skalet, PLLC, and I am one of the lawyers representing Plaintiffs-Appellees in this appeal. I have personal knowledge of the matters stated in this declaration and, if called to testify to them, could do so competently.

2. The following exhibits attached to this declaration are true and correct copies of documents filed with the District Court in this action (*In re MagSafe Apple Power Adapter Litigation*, No. 09-1911-JW:

**Exhibit 1**: Amended Consolidated Complaint, filed December 4, 2009 (Dkt. No. 44).

**Exhibit 2**: Defendant's Answer, filed February 5, 2010 (Dkt. No. 51).

**Exhibit 3**: Preliminary Approval Order, entered September 9, 2011 (Dkt. No. 75).

**Exhibit 4:** Objection to Proposed Settlement by Marie Gryphon, January 5, 2012 (Dkt. No. 85).

**Exhibit 5**: Briskin Declaration in Support of Final Approval of Settlement, January 18, 2012 (Dkt. No. 89).

**Exhibit 6**: Plaintiffs' Memorandum of Law in Response to Objections to Motions for Final Approval of Settlement And For An Award of Attorneys' Fees

and Reimbursement of Expenses, filed January 27, 2012 (without exhibits) (Dkt. No. 97).

**Exhibit 7**: Defendant's Response in Opposition to Objections to the Proposed Settlement, filed January 27, 2012 (without exhibits) (Dkt. No. 98).

**Exhibit 8**: Final Approval Order, entered March 8, 2012 (Dkt. No. 107).

**Exhibit 9**: Judgment, entered April 2, 2012 (Dkt. No. 110)

**Exhibit 10**: Gryphon Notice of Appeal, filed April 6, 2012 (Dkt. No. 119).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on June 15, 2012.

/s/ *Craig L. Briskin*
CRAIG L. BRISKIN

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 15, 2012.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Craig L. Briskin
CRAIG L. BRISKIN

MEHRI & SKALET, PLLC
1250 Connecticut Ave NW
Suite 300
Washington, DC 20036
Telephone: 202-822-5100
Facsimile: 202-822-4997
CBriskin@FindJustice.com